UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENDA WILKS,<br><br>   Plaintiff,<br><br>   v.<br><br>OCWEN FINANCIAL CORPORATION, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 19-10592-LTS |

MEMORANDUM AND ORDER

August 20, 2019

SOROKIN, D.J.

Now before the Court is pro se litigant Brenda Wilks's complaint against against three related entities: Ocwen Financial Corporation; Ocwen Mortgage Servicing, Inc.; and, Ocwen Loan Services, LLC (collectively, "Ocwen"). Wilks's claims concern Ocwen's alleged lending and foreclosure conduct with regard to Wilks and her home.

This is the second action that Wilks has filed against Ocwen regarding the mortgage and foreclosure of her home. See Wilks v. Ocwen, C.A. No. 18-12130-LTS (D. Mass). The earlier case was dismissed upon the Court's determination that Wilks's pleading did not set forth a short and plain statement showing that she was entitled to relief. See id. [ECF # 22].

Ocwen has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Wilks has filed an opposition to the motion. For the reasons stated below, the Court will GRANT the motion and order that this action be dismissed.

## I. Background

Wilks's complaint consists of two documents. The first [ECF #1], which Wilks has captioned "Definite Statement Complaint," is apparently an almost-verbatim copy of a complaint the Consumer Financial Protection Bureau ("CFPB") filed against Ocwen in 2017. See Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp., et al., C.A. No. 17-80495 (S.D. Fla.). Although Wilks has inserted some references to herself in this complaint, see Compl. ¶¶ 1, 6, it is not apparent from the face of the complaint how the alleged misconduct at issue in the lengthy complaint is relevant to her.

The second document [ECF #1-1], also captioned as a "Definite Statement Complaint," is a document that Wilks filed earlier this year in Wilks v. Ocwen, C.A. No. 18-12130-LTS (D. Mass). In that earlier action, the Court granted Ocwen's motion for a more definite statement. Thereafter, Wilks filed the "Definite Statement Complaint" that is now the second part of her complaint in her 2019 action. See id. [ECF #18]. After Wilks filed her "Definite Statement Complaint" in the 2018 action, Ocwen moved to dismiss, arguing that Wilks's more definite statement failed to meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure ("Rule 8(a)(2)"). On February 1, 2019, the Court granted the motion and ordered that the case be dismissed [ECF #22]. On March 1 and March 5, 2019 [ECF ## 25, 27], the Court denied Wilks's two motions for reconsideration. Wilks did not appeal the dismissal of her 2018 action. She commenced the present action on March 29, 2019.

## II. Discussion

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." <u>Calvi v. Knox County</u>, 470 F.3d 422, 430 (1st Cir. 2006) (quoting <u>Educadores Puertorriqueños en Acción v. Hernández</u>, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Id.</u> (quoting <u>Educadores</u>, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." <u>Id.</u> (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> (quoting in part <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

Though submissions of <u>pro se</u> litigants are entitled to liberal construction, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), <u>pro se</u> litigants are not exempt from these basic pleading standards. Wilks, in particular, was informed of her obligation to comply with Rule 8(a)(2) in her 2018 action, and the case was ultimately dismissed because of her failure to do so.

Wilks's present complaint fails to meet the requirements of Rule 8(a)(2). The portion of Wilks's complaint that is a modified version of the complaint the CFPB filed against Ocwen does not contain enough factual material from which the Court may reasonably infer that Ocwen violated the law with regard to her in particular. With regard to the second part of Wilks's complaint, the Court already ruled in the 2018 action that this pleading does not comply with Rule 8(a)(2).

Understandably, Wilks may wonder why a lengthy complaint filed by attorneys representing the CPFB does not comply with Rule 8(a)(2) when filed by her. The difference lies in the standing of the parties. Unlike a private party, the executive branch of the federal government (of which the CFPB is part) is charged with vindicating the public interest, see Lujan v. Defenders of Wildlife, 504 U.S 555, 576 (1992), and Congress has authorized CFPB to commence civil actions against violators of federal consumer financial protection laws under its own name, see 12 U.S.C. § 5564(a)-(b). Thus, CFPB may bring an action against Ocwen to vindicate the public interest without having to show that CFPB itself has suffered any injury. See CFPB v. Gordon, 819 F.3d 1179, 1188 (9th Cir. 2016). The agency's pleading reflects its broad enforcement power. In contrast, a private party like Wilks has standing only to bring claims for her own injuries. See Horne v. Flores, 557 U.S. 433, 445 (2009). Thus, her complaint must contain a short and plain statement identifying what Ocwen allegedly did that caused her injury.

III.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed in forma pauperis is granted.

2.    Defendants' motion to dismiss [ECF #8] is granted.

3.    This action is dismissed with prejudice.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE